IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TYRONE WILLIAMS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:22cv00149 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| J. C. STREEVAL, | ) |     United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Petitioner Tyrone Williams, a federal inmate proceeding *pro se*, filed a petition styled as a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because the petition failed to identify with specificity what conviction or sentence he was challenging, among other deficiencies, the court conditionally filed his original petition. It advised him that if he was attempting to file a 28 U.S.C. § 2255 motion, that should be filed in the district where he was convicted and sentenced. (Dkt. No. 2.) Otherwise, it directed that he complete a § 2241 form and return it to the court. (*Id.*) He has now done so, and his amended petition is before the court for review. (Dkt. No. 3.)

His amended petition is a collateral challenge to his conviction for distribution of heroin and resulting 160-month sentence in *United States v. Williams*, Case No. 4:17-cr-00263-6 (S.D. Ga.) (hereinafter "*Williams*"). In it, Williams raises two claims of ineffective assistance of counsel, although both are fairly general and lack supporting detail. First, in a claim he titles as a due process violation, Williams claims that his attorney did not tell him what "the law really means" and conducted no investigations. (Am. Pet. at 6–7.) In the second, he claims that his attorney told him to take the 160-month sentence because, if he went to trial, he would receive life. He claims that his attorney did not represent him "to his full potential." (*Id.* at 7.)

Some limited facts in support of his claims can be found in his original petition. For example, Williams states that he was never showed audio or video evidence of the drug transactions. He also references a "conflict of interest" between him and his attorney, but doesn't specify the nature of that conflict. He further claims that his plea was entered "under duress." (*See generally* Pet., Dkt. No. 1.)

Upon review of the amended petition, the court concludes that Williams has failed to demonstrate that he is entitled to relief under § 2241; therefore, the court will dismiss his petition without prejudice for lack of jurisdiction.[1]

## I. BACKGROUND

In December 2017, Williams was indicted with a number of co-defendants on a multi-count indictment, and he was named in four of those counts. *Williams*, ECF No. 2. He pled guilty to one of those counts—distribution of heroin—on April 3, 2018. *Id.*, ECF No. 98. Prior to sentencing, he moved to withdraw his guilty plea. *Id.*, ECF No. 143. On September 17, 2018, the district court denied that motion and sentenced him to a 160-month term of imprisonment, to be followed by a three-year term of supervised release. *Id.*, ECF Nos. 145, 146. Judgment was entered on September 18, 2018. *Id.*, ECF No. 148.

Williams timely appealed, arguing that the district court abused its discretion and that the sentence was both procedurally and substantively unreasonable. The Eleventh Circuit disagreed, and it affirmed his sentence in an opinion issued July 23, 2019. *Id.*, ECF No. 196; *United States v. Williams*, Case No. 18-14072 (11th Cir. July 23, 2019). Williams did not file a petition for

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to § 2241 cases under Rule 1(b), a court may summarily dismiss a petition when it is plain that the petitioner is not entitled to relief.

writ of certiorari, and he has not filed any motion pursuant to 28 U.S.C. § 2255 in the sentencing court.

## II.   DISCUSSION

Ordinarily, a motion pursuant to § 2255, not § 2241, is the appropriate vehicle for challenging a conviction or the imposition of a sentence.  However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, but only if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *see In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).  A motion pursuant to § 2255 is "inadequate and ineffective" to challenge a conviction only when (1) settled law established the legality of the conviction at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review.  *Id.*[2]  A petitioner must satisfy these requirements to confer jurisdiction on the § 2241 court to evaluate the merits of a petitioner's claims.  *United States v. Wheeler*, 886 F.3d 415, 423–26 (4th Cir. 2018).

Williams's petition does not identify any change in substantive law sufficient to satisfy *In re Jones*, but regardless, he cannot satisfy the second element above because he filed his § 2241 petition in this case but has not yet filed a first § 2255 motion.  Thus, any change in law did not occur "after [he] completed his appeal and first § 2255 motion."  Accordingly, the court finds

---

[2] The standard is slightly different where a petitioner argues that § 2255 is inadequate or ineffective to test the legality of his sentence, as opposed to his conviction.  *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).  Although Williams asks that his sentence be vacated, the grounds he raises challenge the ineffectiveness of his counsel with regard to his conviction.  In any event, he cannot satisfy the *Wheeler* standard, either.

3

that Williams fails to meet the *In re Jones* standard to show that § 2255 is inadequate and ineffective to test the legality of his conviction; thus, his claims cannot be addressed under § 2241.[3]  As such, the court lacks jurisdiction over his petition and must dismiss it.

### III.  CONCLUSION

For the reasons stated herein, the court will dismiss Williams's § 2241 petition without prejudice for lack of jurisdiction.  All other motions will be dismissed as moot.  An appropriate order will be entered.

Entered: April 12, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[3]  The court declines to construe Williams's motion as a § 2255 motion.  First, as the court previously advised him (Dkt. No. 2) § 2255 motions must be brought in the court which imposed the sentence.  *See* § 2255; *see also Swain v. Pressley*, 430 U.S. 372, 378 (1977).  Second, it appears that any § 2255 motion filed now would likely be untimely, at least under § 2255(f)(1), because his conviction became final more than a year before he filed his original petition here.  Thus, neither construing his petition as a § 2255 motion nor transferring the petition to the sentencing court would serve the interests of justice or judicial economy.